UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE


MARK W. GIVLER,

    Plaintiff,

v.                                       3:11-cv-424

LEE SLAGLE,

    Defendant.


**MEMORANDUM AND ORDER**

    The court is in receipt of a *pro se* prisoner's civil rights complaint under 42 U.S.C. § 1983 and an application to proceed *in forma pauperis*. It appears from the application that the plaintiff lacks sufficient financial resources to pay the $350.00 filing fee. Accordingly, pursuant to 28 U.S.C. § 1915(b)(4), the Clerk is **DIRECTED** to file this action without the prepayment of costs or fees or security therefor as of the date the complaint was received. However, for the reasons stated below, process shall not issue and this action is **DISMISSED**.

    Plaintiff is an inmate in the Blount County Detention Center. The defendant is Lee Slagle, a correctional officer at that facility. Plaintiff alleges that when he filed a request for use of the law library, he was told to send a request for the material he wanted. According to plaintiff, he then gave a request form with the required information to Officer Cantrell,

who verbally told plaintiff he hand delivered both requests to the appropriate department, which was defendant Slagle. When plaintiff did not receive a response, he asked Officer Hufstetler to check on the request. Officer Hufstetler did so and responded that defendant Slagle stated he never received the request. Plaintiff states that he will not ask more than once for the legal materials he wants and he seeks money damages for the violation of his rights under the First Amendment.

The First Amendment to the Constitution of the United States protects the right of individuals "to petition the Government for a redress of grievances." In the prisoner context, the right encompasses a state's obligation to provide affirmative assistance for access to the courts with respect to habeas corpus and civil rights actions involving constitutional claims. *Knop v. Johnson*, 977 F.2d 996, 1009 (6th Cir. 1992).

"Prisoners have a right of access to the courts. In order to state a claim for denial of meaningful access to the courts, however, plaintiffs must plead and prove prejudice stemming from the asserted violation." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (citations omitted). The question is whether the plaintiff was "actually impeded in his access to the courts." *Walker v. Mintzes*, 771 F.2d 920, 932 (6th Cir. 1985).

Thus, with respect to plaintiff's claim that he has been denied access to the jail's law library, in order to state a claim he must first allege an actual injury. *See Lewis v. Casey*, 518 U.S. 343, 349-51 (1996). An inmate cannot show actual injury "simply by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense." *Id*. at 351. Rather, the inmate "must go one step further and demonstrate that the alleged

shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim." *Id*.

A search of the court's Electronic Case Filing System reveals that, in the past 18 months, plaintiff has filed seven civil rights lawsuits in this court against various individuals at the Blount County Detention Center, as well as numerous motions related to his lawsuits. It is obvious that plaintiff's right of access to the courts has not been denied. Under the circumstances, the court finds that plaintiff's complaint fails to state a viable claim against defendant Slagle.

Although this court is mindful that a *pro se* complaint is to be liberally construed, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), it is quite clear that the plaintiff has not alleged the deprivation of any constitutionally protected right, privilege or immunity, and, therefore, the court finds his claims to be frivolous under 28 U.S.C. §§ 1915(e) and 1915A. It appears beyond doubt that plaintiff can prove no set of facts which would entitle him to relief, *Malone v. Colyer*, 710 F.2d 258 (6th Cir. 1983), and that plaintiff's claim lacks an arguable basis in law and fact, *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Therefore, this action is **DISMISSED** *sua sponte*, as frivolous and for failure to state a claim upon which relief can be granted under § 1983. The court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

Because the plaintiff is an inmate in the Blount County Detention Center, he is herewith **ASSESSED** the civil filing fee of $350.00. Pursuant to 28 U.S.C. § 1915(b)(1)(A)

and (B), the custodian of the plaintiff's inmate trust account at the institution where he now resides is directed to submit to the Clerk, U.S. District Court, 800 Market Street, Suite 130, Knoxville, Tennessee 37902, as an initial partial payment, whichever is greater of:

    (a)    twenty percent (20%) of the average monthly deposits to the plaintiff's inmate trust account; *or*

    (b)    twenty percent (20%) of the average monthly balance in the plaintiff's inmate trust account for the six-month period preceding the filing of the complaint.

Thereafter, the custodian shall submit twenty percent (20%) of the plaintiff's preceding monthly income (or income credited to the plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

The Clerk is **DIRECTED** to send a copy of this Memorandum and Order to the Sheriff of Blount County, Tennessee, and the county attorney for Blount County, Tennessee, to ensure that the custodian of the plaintiff's inmate trust account complies with that portion of the Prison Litigation Reform Act relating to payment of the filing fee. The Clerk is further **DIRECTED** to forward a copy of this Memorandum and Order to the court's financial deputy.

    **ENTER:**

                                                    s/ Thomas W. Phillips
                                                United States District Judge